UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| JULIE FEDEROWICZ,<br>     Plaintiff,<br>  v.<br><br>ACCELERATED RECEIVABLES MANAGEMENT, INC.,<br>ACCELERATED RECEIVABLES,<br>     Defendants. | **DECISION**<br>**and**<br>**ORDER**<br>---------------<br>**REPORT**<br>**and**<br>**RECOMMENDATION**<br><br>**09-CV-472A(F)** |

_____

APPEARANCES:  LEMBERG & ASSOCIATES, LLC
        Attorneys for Plaintiff
        SERGEI LEMBERG, of Counsel
        300 International Drive, Suite 100
        Williamsville, New York 14221

        BLAIR & ROACH LLP
        Attorneys for Defendants
        J. MICHAEL LENNON, of Counsel
        2645 Sheridan Drive
        Tonawanda, New York 14150

## JURISDICTION

This matter was referred to the undersigned for all pretrial matters by Hon. Richard J. Arcara on August 20, 2009 (Doc. No. 5). It is presently before the court on Plaintiff's motion to amend (Doc. No. 14) and Defendants' motion to dismiss (Doc. No. 17).

In this Fair Debt Collection Practices Act ("FDCPA") case, by papers filed March 7, 2010, Plaintiff seeks leave to file an amended complaint in order to withdraw allegations pursuant to 15 U.S.C. § 1692f(2), and to add alleged violations of 15 U.S. §§ 1692c(a)(2), 1692d(6) and 1692e(10) ("Plaintiff's Proposed FDCPA Claims"), as well

as state claims of intentional infliction of mental distress and fraud from Plaintiff's First Amended Complaint ("the Amended Complaint") ("Plaintiff's motion").

On April 12, 2010, Defendant opposed Plaintiff's motion and cross-moved to dismiss Counts III and IV of the First Amended Complaint which assert violations of N.Y. Gen. Bus. Law §§ 601 and 349, respectively ("§ 601," "§ 349") (Doc. No. 17). In a Memorandum of Law filed April 22, 2010 (Doc. No. 19) ("Plaintiff's Memorandum), Plaintiff withdrew her claims under Count I of the Amended Complaint alleging violation of 15 U.S.C. § 1692f(2), Count II of the Amended Complaint alleging invasion of privacy under state law, and Count III asserting a claim pursuant to § 601. Plaintiff's Memorandum at 2. Plaintiff also stated she intended to withdraw her proposed second amended complaint insofar as it sought to add state claims for fraud and intentional infliction of mental distress. Defendant does not oppose Plaintiff's Proposed FDCPA Claims; Defendants, however, move, pursuant to Fed.R.Civ.P. 12(c) to dismiss Counts III and IV of the Amended Complaint (Doc. No. 7) ("Defendants' motion") arguing that Plaintiff's allegations do not support a private right of action under New York law and in opposition to Plaintiff's motion on the ground of futility. Defendants' Memorandum (Doc. No. 18) at 5-8. Thus, the court first turns to the merits of Defendants' motion.

New York General Business Law § 349 prohibits deceptive business conduct and specifically authorizes a private right of action to seek remedies for such conduct. N.Y. Gen. Bus. Law § 349(h) (McKinney 2004). New York General Business Law § 601 (McKinney 1996) prohibits nine different forms of conduct by a "principal creditor" or "his agent" as prohibited practices in connection with debt collection activities within New York state. Section 601[6] specifically prohibits unduly frequent and harassing

2

telephone contacts and § 601[7] specifically prohibits threatening action which the principal creditor in the usual course of business does not in fact take.  N.Y. Gen. Bus. Law § 601[6], [7].  A careful reading of § 601 reveals the statutes does not generally prohibit deceptive conduct by a debt collector and, in contrast to § 349[h], there is no private right of action to enforce § 601.  See Conboy v. AT&T Corp., 241 F.3d 242, 257-58 (2d Cir. 2001) (holding that § 601 does not create a private right of action) (citing Varela v. Investors Ins. Holding Corp., 615 N.E. 2d 218, 219 (N.Y. 1993)).  Plaintiff contends that Conboy is applicable because in both the Amended Complaint and proposed second amended complaint Plaintiff relies only on § 349.  Plaintiff's Memorandum at 4-5.  However, Plaintiff's allegations in Count IV of the Amended Complaint relating to Defendants' alleged deceptive practices, such as improper repetitive telephonic contacts and falsely threatened legal action, also come within the scope of § 601.  See § 601[6] (prohibiting frequent harassing telephone contact) and § 601[7] (threatening "any action" that the principal creditor or agent does not usually take).  It is thus readily apparent that in enacting § 601, the New York legislature intended to regulate debt collection activity through that statute, rather than permitting private actions for alleged deceptive business practices incident to debt collection activity pursuant to § 349.  See Conboy, 241 F.3d at 258 (noting that plaintiff's effort to plead a violation of § 601's prohibition of improper telephone contacts as a deceptive practice actionable under § 349 would be contrary to the intent of New York legislative and "inconsistent with the statutory scheme") (quoting Conboy v. AT&T Corp., 84 F.Supp.2d 492, 506 (S.D.N.Y 2000)). Thus, fairly read, Plaintiff's Count IV fails to state a claim and Count IV as repleaded in the proposed second amended complaint is futile

as it is precluded as a matter of controlling New York law.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 14) is GRANTED in part as to Plaintiff's Proposed FDCPA Claims and DENIED in part as to Count IV. Defendants' cross-motion (Doc. No. 17) directed to Count IV of the Amended Complaint should be GRANTED. Plaintiff shall **within 10 days** serve and file a Second Amended Complaint consistent with the foregoing.

SO ORDERED as to
Plaintiff's motion to amend,

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 10, 2010
      Buffalo, New York

Respectfully submitted as to
Defendants' motion to dismiss,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 10, 2010
      Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**
Thomas v. Arn, 474 U.S. 140 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); Wesolek v. Canadair Limited, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     August 10, 2010
               Buffalo, New York